IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ONE STOP SHOP, LLC, a Nebraska Limited Liability Company;

Plaintiff,

vs.

PPG SHADOW REAL ESTATE LLC, a Delaware Limited Liability Company; and PREP PROPERTY GROUP LLC, a Delaware Limited Liability Company;

Defendants.

**8:25CV573**

**ORDER**

This matter comes before the Court sua sponte after review of the docket and pleadings.

One Stop Shop filed its complaint in the District Court of Sarpy County, Nebraska. Filing No. 1-1. Defendants PPG Shadow Real Estate, LLC, and Prep Property Group LLC (collectively "PPG") removed the case to this Court, invoking diversity jurisdiction. Filing No. 1. In the notice of removal, PPG represented that "[n]o member or parent of [either Defendant] is incorporated or organized under the laws of the State of Nebraska, have their principal place of business in Nebraska, or are otherwise a citizen of Nebraska." Filing No. 1 at 2. The notice of removal did not identify the members of either defendant LLC.

For purposes of diversity jurisdiction, a limited liability company's citizenship is that of its members. *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015). "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And

because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *see also* *Haas as Tr. of Bira Rabushka Living Tr. v. Rabushka*, No. 4:23-CV-1304 RLW, 2023 WL 6879663, at *1 (E.D. Mo. Oct. 18, 2023) ("[F]or LLCs, the Court must examine the citizenship of each member of the LLC to determine whether it has diversity jurisdiction."); *Savista, LLC v. GS Labs LLC*, No. 8:24CV110, 2024 WL 1703158, at *1 (D. Neb. Apr. 19, 2024). "For any members of LLCs that are themselves LLCs, partnerships, or limited partnerships, information concerning their underlying members or partners must be alleged in accordance with the rules applicable to each such type of entity, through however many layers of ownership there may be," until either individuals or corporations are identified as the owner(s). *OHM Hotel Grp., LLC v. Dewberry Consultants, LLC*, No. 4:15-CV-1541 CAS, 2015 WL 5920663, at *1 (E.D. Mo. Oct. 9, 2015).

The parties were required to file corporate disclosure statements. Fed. R. Civ. P. 7.1. A disclosure statement must include the citizenship of "every individual or entity whose citizenship is attributed to that party." Fed. R. Civ. P. 7.1(a)(2). Plaintiff filed its corporate disclosure statement identifying its sole member as Michael Schmidt, a citizen of Nebraska. Filing No. 8 at 2. However, Defendants' corporate disclosure statements fail to comply with Rule 7.1(a)(2) as they do not identify the members or their citizenship. *See* Filing No. 21; Filing No. 22. Because the Court does not know the citizenship of each member of the Defendants' LLC parties, it cannot be assured the representations in the notice of removal are accurate and that complete diversity exists.

Accordingly, IT IS ORDERED:

1. On or before **August 14, 2026**, Defendants PPG Shadow Real Estate, LLC, and Prep Property Group LLC shall each file amended Corporate Disclosure Statements fully identifying the citizenship of "every individual or entity whose citizenship is attributed to that party," including the citizenship of each member of the LLCs in compliance with Fed. R. Civ. P. 7.1(a)(2).

Dated this 7th day of August, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge