IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ONE STOP SHOP, LLC, a Nebraska Limited Liability Company;<br><br>Plaintiff,<br><br>vs.<br><br>PPG SHADOW REAL ESTATE LLC, a Delaware Limited Liability Company; and PREP PROPERTY GROUP LLC, a Delaware Limited Liability Company;<br><br>Defendants. | **8:25CV573**<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on Defendants' Motion to Dismiss, Filing No. 15, and Plaintiff's Motion for Leave to Amend, Filing No. 28. For the reasons stated herein, the Court denies the motion to dismiss and grants the leave to amend.

## I. BACKGROUND[1]

One Stop Shop, LLC, is a company which provides construction services and labor nationwide, including in Sarpy County, Nebraska. PPG Shadow Real Estate, LLC, is the record owner of the real property at issue in this case which is located in Sarpy County. One Stop believes Prep Property Group, LLC, also holds an interest in the subject property and was involved in the construction of the property. One Stop entered into a series of contracts with PPG to construct two retail stores on the subject property: A Ross Dress for Less and a HomeGoods. One Stop alleges that after it had performed work under the contracts, PPG refused to pay for it. One Stop filed construction liens on August 17, 2023.

[1] These facts are taken from Plaintiff's Amended Complaint, Filing No. 14, which, at this stage of the case, the Court construes as true.

One Stop has sued PPG and Prep over the non-payment, asserting eight causes of action: 1) breach of contract against PPG as to the Ross store; 2) foreclosure of the construction lien against PPG as to the Ross store; 3) violation of the Nebraska Construction Prompt Pay Act against PPG and Prep as to the Ross store; 4) unjust enrichment against PPG and Prep as to the Ross store; 5) breach of contract against PPG as to the HomeGoods store; 6) foreclosure of the construction lien against PPG as to the HomeGoods store; 7) violation of the Nebraska Construction Prompt Pay Act against PPG and Prep as to the HomeGoods store; and 8) unjust enrichment against PPG and Prep as to the HomeGoods store.

Prep has moved to dismiss the Construction Prompt Pay Act claims against it. PPG has moved to dismiss the lien-foreclosure games against it. One Stop opposes the motions to dismiss and seeks leave to file a second amended complaint. The proposed second amended complaint keeps the current eight causes of action and seeks to add two additional claims for foreclosure of a construction liens, one as to each retail store, against a third proposed defendant, G & I Shadow Lake, LLC. Filing No. 28-1 at 17–19. One Stop alleges PPG conveyed title of the subject property to G & I Shadow Lake by special warranty deed on May 12, 2026, and it therefore has reason to amend its complaint to add G & I Shadow Lake as a defendant. Filing No. 28-1 at 3.

## II. STANDARD OF REVIEW

### A. Motion to Dismiss

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). "Specific facts are not

necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Bell Atl. Corp., 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *See id.* (describing a "two-pronged approach" to evaluating such motions: First, a court must accept factual allegations and disregard legal conclusions; and then parse the factual allegations for facial plausibility). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**B. Motion for Leave to Amend**

Federal Rule of Civil Procedure 15 provides that the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a). Nevertheless, a party does not have an absolute right to amend, and "[a] district court may deny leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the non-moving party, or futility of the amendment." *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (internal quotation and citation omitted). "[W]hen a court denies leave to amend on the ground of futility, it means that the court reached a legal conclusion that the amended complaint could not withstand a Rule 12 motion." *In re Senior Cottages of Am., LLC*, 482 F.3d 997, 1001 (8th Cir. 2007).

## III. ANALYSIS

PPG and Prep oppose One Stop's motion to amend its complaint for the same reason they moved to dismiss the construction lien claims against them: they contend the construction lien claims were extinguished prior to the commencement of litigation. Accordingly, the Court first addresses the merits of this argument, then addresses PPG and Prep's second argument for dismissal, and finally addresses whether Plaintiff should be given leave to amend.

### A. Motion to Dismiss Foreclosure of Lien Claims

PPG argues One Stop's claims for foreclosure of construction liens against it (claims two and six) were extinguished because One Stop did not timely file suit.

The Nebraska Construction Lien Act, Neb. Rev. Stat. § 52-125 et seq., allows a person who furnishes services or materials pursuant to a real-estate improvement contract to file a construction lien. Neb. Rev. Stat. § 52-131. A claimant must record a lien in order for the lien to attach and become enforceable. Neb Rev. Stat. § 52-137. "[A] lien that has become enforceable . . . continues enforceable for two years after recording of the lien." Neb. Rev. Stat. § 52-140(1). "If a judicial proceeding to enforce a lien is instituted while a lien is effective . . ., the lien continues during the pendency of the proceeding." Neb. Rev. Stat. § 52-140(3). In other words, if a lien-holder files suit within

the two-year period after recording, the lien continues to be enforceable during the pendency of the lawsuit.

One Stop pleads that it filed its construction liens on August 17, 2023. Filing No. 14 at 7. One Stop filed suit in the District Court of Sarpy County, Nebraska, on August 15, 2025. Filing No. 1-1 at 1. PPG and Prep removed the case to this Court on September 19, 2025. Filing No. 1.

PPG urges the Court to use the removal date as the date the present legal proceeding should be deemed "instituted" for purposes of Neb. Rev. Stat. § 52-140(3). Under this reading, the lien was extinguished because One Stop did not institute the judicial proceeding within the two-year period after recording the lien.

This interpretation finds no support in the statutory text, and PPG provides no authority for the proposition that removal of a case from state court constitutes a new legal proceeding for purposes of determining the timeliness of the filing of a lien. Such an interpretation would allow a potentially liable defendant to extinguish an otherwise valid lien by means of strategic removal. The Court doubts the Nebraska legislature intended to allow such a dubious method to avoid statutory intent. The statute refers to the date a judicial proceeding is "instituted," not the date a legal proceeding is removed or transferred to another forum. The present case was instituted by the filing of One Stop's complaint in the District Court of Sarpy County on August 15, 2025, within the two-year period the lien was enforceable. The subsequent procedural steps are immaterial. PPG's argument is without merit, and the Court will not dismiss the construction-lien claims.

**B. Motion to Dismiss Nebraska Construction Prompt Pay Act Claims**

Prep argues that One Stop has not pled facts sufficient to demonstrate it is liable under the Nebraska Construction Prompt Payment Act under claims three and seven.

The Nebraska Construction Prompt Pay Act, Neb. Rev. Stat. § 45-1201 et seq., provides construction contractors in the state of Nebraska a mechanism to seek payment for work performed under a construction contract. It states, "When a contractor has performed work in accordance with the provisions of a contract with an owner, the owner shall pay the contractor within thirty days after receipt by the owner or the owner's representative of a payment request . . .." Neb. Rev. Stat. § 45-1203(1). The Act defines "owner" as "a person (a) who has an interest in any real property improved, (b) for whom an improvement is made, or (c) who contracted for an improvement to be made." Neb. Rev. Stat. § 45-1202.

Prep argues that because One Stop has not pled that it had a contract with Prep, it cannot state a valid claim for a Construction Prompt Pay Act claim against Prep either. The Court does not find that a contract is necessary prerequisite to a Construction Prompt Pay Act claim. First, One Stop adequately pleads that Prep is an "owner" as defined by the Act; it alleges that Prep had an "interest" in the real property improved. *See* Neb. Rev. Stat. § 45-1202 (defining "owner" as, inter alia "a person . . . who has an interest in any real property improved").

Second, Prep argues the fact One Stop pleads Prep has an interest in the property "on information and belief" means the claim must be dismissed. The Court disagrees. One Stop pleads not only that it believes Prep has an interest in the property but also that it was involved in the Ross and HomeGoods projects in some capacity. The fact that,

pre-discovery, One Stop may not be aware of the exact nature of the relationship between Prep and PPG and their respective interests in the subject property does not mean it fails to state a cause of action.

Third, the Act does not require One Stop to plead it had a contract with Prep. Section 45-1203 requires that the claimant have "performed work in accordance with the provisions of a contract with *an* owner" of the property, not with *every* owner of the property. Neb. Rev. Stat. § 45-1203(1) (emphasis added). When a claimant has such a contract, "*the* owner shall pay the contractor." Neb. Rev. Stat. § 45-1203(1) (emphasis). One Stop has adequately pled that Prep is "the owner" in this context. Had the legislature so chosen, it could have required that "the *contracting* owner" be the one required to pay within thirty days, but it elected to impose no such limitation on liability. Accordingly, Prep's motion to dismiss must be denied.

**C. Leave to Amend**

Having concluded Defendants' motion to dismiss must be denied, the Court turns to One Stop's motion for leave to file a second amended complaint. PPG and Prep oppose the motion for leave to amend. Their primary argument is that such leave would be futile because the foreclosure-of-lien claims against the proposed new defendant, G & I Shadow Lake, LLC, would have to be dismissed for the same reasons Defendants argued in their motion to dismiss (untimely filing). But, as set forth above, the Court has rejected that argument.

PPG and Prep also argue the leave to amend should be denied because allowing One Stop to file a second amended complaint would delay the resolution of their pending motion to dismiss. PPG and Prep also argue that denial of the motion for leave to amend

would promote judicial economy because it would allow resolution of their motion to dismiss prior to adding additional parties and claims. However, given the Court's determination that the motion to dismiss must be denied, Defendants' arguments in this regard no longer support denying the motion for leave to amend.

One Stop has pleaded that G & I Shadow Lake recently acquired title to the subject properties in this lawsuit. The Court finds justice requires that it be given leave to amend its complaint to add G & I Shadow Lake, LLC, as a defendant.

## IV. CONCLUSION

For the reasons stated above, the Court finds One Stop has stated valid causes of actions against Prep and PPG for violation of the Nebraska Construction Prompt Pay Act and for foreclosure of the construction liens. Defendants' motion to dismiss for failure to state a claim is therefore denied. The Court further finds justice requires One Stop be given leave to file a second amended complaint.

IT IS ORDERED:

1. Defendant's Motion to Dismiss, Filing No. 15, is denied.
2. Plaintiff's Motion for Leave to Amend, Filing No. 28, is granted. Within five days of the date of this Order, Plaintiff shall file a clean copy of the Second Amended Complaint, a redlined version of which is found at Filing No. 28-1.

Dated this 1st day of September, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge